UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELARRY NORFOLK,

           Plaintiff,                            Case No: 12-10338

vs.                                              HON. AVERN COHN

MICHAEL ASTRUE, Commissioner
of Social Security,

           Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (Doc. 15) GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (Doc. 13) AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 10)
AND AFFIRMING THE COMMISSIONER'S DECISION**

**I. INTRODUCTION**

This is a Social Security case. Plaintiff Delarry Norfolk (Norfolk) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for Social Security disability benefits. Norfolk claims disability since November 7, 2007 due to herniated discs in his neck and back, and pain in his right shoulder, arm and hands. He was off-loading a truck when he felt pain in his neck and shoulder.

The parties filed cross motions for summary judgment. The motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). The MJ recommends that the Commissioner's motion for summary judgment be granted, Norfolk's motion for summary judgment be denied, and the Commissioner's decision denying benefits be affirmed. Norfolk filed timely objections to the MJRR (Doc. 17). The Commissioner filed a response (Doc. 20). For the reasons that follow, the Court will adopt the MJRR, grant the

Commissioner's motion for summary judgment (Doc. 13), deny Norfolk's motion for summary judgment (Doc. 10), and affirm the Commissioner's decision to deny benefits.

## II. BACKGROUND

### A.

Since there is no objection to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. See (Doc. 15).

### B.

The administrative record is comprised of the following:

Disability reports containing Norfolk's self reported injuries;

Norfolk's testimony at the hearing before the ALJ;

Vocational expert (VE) Dennis Gustafson's testimony at the hearing before the ALJ;

Treating reports of Dr. Stephen Daly from Concentra Medical Centers (Concentra), who treated Norfolk after his workplace injury and on several occasions for follow-up, and treating reports of Dr. Mark Nugent from Concentra, who conducted several follow-up visits with Norfolk;

Treating reports of Dr. Sudhir Walavalkar, Norfolk's primary care physician;

Treating report of Dr. Jai-Duck Liem, a physical medicine specialist;

Treating reports of Dr. Asim Mahmood, a neurosurgeon;

Social Security consultive examination with Dr. Jack Belen; and

A physical residual functional capacity assessment (RFC) completed by Dr. William Joh.

### C.

Based on the above evidence, applying the five-step sequential analysis, the ALJ determined that Norfolk was not disabled. As summarized in the MJRR:

2

> At Step One, she [the ALJ] found that Norfolk had not engaged in substantial gainful activity since his alleged onset date. At Step Two, she determined that he had the following severe impairments: "[m]ulti-level degenerative changes of the cervical spine including spinal stenosis and cervical spondylosis." She concluded his reported right arm numbness and tingling was not severe because they were based solely on his subjective reports. At Step Three the ALJ determined that none of Norfolk's conditions, either alone or in combination, met or medically equaled a listed impairment, specifically looking at Listing 1.04 "Disorders of the Spine." She then assessed Norfolk's RFC, finding him capable of performing:
>
>> sedentary work as defined in 20 CFR 404.1567(a) meaning that he can frequently lift up to 10 pounds and can occasionally lift 10 pounds, can stand for 2 hours out of an 8-hour day, sit for 6 hours out of an 8-hour day, and requires the ability to alternate between sitting and standing in place at will.
>
> At Step Four, she determined that this RFC assessment prevented Norfolk from returning to his past work. However, at Step Five, she concluded that, based on his age, education, vocational background, and RFC, a significant number of jobs existed in the national economy that he could still perform. Therefore, Norfolk was not disabled.

(Doc. 15, p. 19) (internal citations to administrative record omitted).

### III. THE MJRR

The MJ concluded that the ALJ's decision to deny benefits because Norfolk did not meet Listing 1.04 was supported by substantial evidence. In order to meet the criteria for Listing 1.04, Norfolk was required to show, among other things,

> [e]vidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(K)(1). In his motion for summary

3

judgment, Norfolk argues that his diagnosis of spinal stenosis and the medical records showing nerve root compression in his right arm satisfy Listing 1.04. However, the MJ reasoned that, even if nerve root compression is presumed, "such evidence is still insufficient to satisfy the requirements of [Listing 1.04(A)], which requires, in addition to evidence of nerve root compression, evidence of 'sensory or reflex loss. . .' " (Doc. 15, p. 22) (citations omitted). The MJ ultimately determined that the medical evidence did not support Norfolk's subjective complaints of hand numbness: "All but one of the treating records that noted examinations of Norfolk's senses or reflexes found no deficits in either area" (Id.) (citations to administrative record omitted). Further, the MJ reasoned that the ALJ's determination that Norfolk was only partially credible was based on the entire objective evidence.

## IV. STANDARD OF REVIEW

### A. Objections to MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985); Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to

determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6thCir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x. 496, 508 (6th Cir. 2006).

Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## V. DISCUSSION

Norfolk objects to the MJRR and claims that the MJ's analysis of Listing 1.04 was erroneous. He says Dr. Liem's January 10, 2008 medical opinion, which stated that Norfolk had sluggishness in both of his arms, provides objective evidence to support his subjective complaints of right hand numbness.

Norfolk's objection was correctly addressed and rejected in the MJRR. First, the MJ recognized that, in order to satisfy Listing 1.04(A), Norfolk was required to admit evidence of sensory or reflex loss. See, e.g., Burbo v. Comm'r of Soc. Sec., ___ F. Supp. 2d ___, 2012 WL , at *21 (E.D. Mich. 2012) (citation omitted). Second, the MJ considered Dr. Liem's opinion that Norfolk had a sluggish response in both arms and cited authority that contradicted Norfolk's assertion that his problem is neurological. Finally, the MJRR detailed Norfolk's treatment since his workplace accident. The MJ correctly noted that, aside from Dr. Liem's report, all of Norfolk's treating doctors did not find any deficits in his right hand, nor did they find evidence of sensory reflexes. As the MJ recognized, the ALJ's decision was supported by substantial evidence.

In responding to Norfolk's objection, the Commissioner says that, even if Dr. Liem's opinion established evidence of sensory or reflex loss, such a finding is still insufficient to satisfy Listing 1.04 because Norfolk did not show that his symptoms lasted for any consecutive twelve month period. The Commissioner is correct. The regulations provide

6

that, "[u]nless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509. Here, only Dr. Liem's opinion indicated possible sensory or reflex loss. None of the subsequent medical opinions confirmed Dr. Liem's opinion. Thus, Norfolk cannot establish that, if he was disabled due to sensory or reflex loss, the disability was continuous for a period of 12 months.

## VI. CONCLUSION

For the reasons stated above, the Court:

ADOPTS the MJRR;

GRANTS the Commissioner's motion for summary judgment (Doc. 13);

DENIES Norfolk's motion for summary judgment (Doc. 10); and

AFFIRMS the Commissioner's decision denying benefits.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: January 17, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 17, 2013, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160